ESTATE OF GEORGE S. FISKE, GEORGE P. DAVIS AND EDWARD F. McCLENNEN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103684. Promulgated September 5, 1941.

*Allison L. H. Newton, Esq.,* for the petitioners.
*Martin M. Lore, Esq.,* for the respondent.

OPINION.

Murdock: The Commissioner recognizes the reasonableness of the termination charge and its validity as an obligation which had to be paid from the property included in the gross estate. He says it "is just another debt of the decedent, and would be deductible, were it not for the express provision in the Estate Tax Regulations, Article 33, which specifically provides that trustees' commissions are not deductible." The regulation states that trustees' commissions do not constitute expenses of administration and are not deductible. That regulation applies to commissions of trustees under the will of a decedent who perform some service separate from that of executors or administrators in the usual administration and settlement of an estate. It also applies to commissions of other trustees who perform services long after the death of the decedent. *Adriance* v. *Higgins*, 113 Fed. (2d) 1013; *Central Hanover Bank & Trust Co., Executor*, 40 B. T. A. 1210; affd. 118 Fed. (2d) 270; *Bretzfelder* v. *Commissioner*, 86 Fed. (2d) 713. But it does not apply to a charge, such as this, which had to be paid to free the trust property and let it pass as a part of the decedent's estate under the power exercised in his will. Such a charge is a proper charge against the estate, allowed by the laws of Massachusetts, and deductible under section 303 (a) (1) of the Revenue Act of 1926 as amended.

*Decision will be entered under Rule 50.*